THE AMERICAN EXCHANGE BANK *vs.* WEBB and MINOR.

A provision, in an assignment executed by a debtor in trust for the benefit of his creditors, directing the payment of a fictitious demand to the assignor's wife, renders the assignment void, as intended to hinder and delay creditors. Where a wife thus provided for in an assignment made by her husband, delivered a release of her dower in his real estate, upon condition that if the assignment should be held valid she should receive the amount directed to be paid to her by the assignment, and if held invalid, that she should have her dower out of the proceeds, and the plaintiff, a creditor, assented to these terms, and to a sale of the property in accordance therewith; *Held* that this did not amount to a ratification of the assignment by him, or estop him from attacking it as fraudulent and void, and having the same set aside. CLERKE, J. dissented.

APPEAL from a judgment ordered at a special term, dismissing the complaint, with costs. The action was brought by the plaintiff, a judgment creditor of the defendant Webb, to set aside an assignment executed by him, of his property to the defendant Minor, in trust for the benefit of creditors.

*Cleaveland & Titus,* for the appellant.

*D. R. Jaques,* for the respondent Minor.

*C. C. Marsh,* for the respondent Webb.

INGRAHAM, P. J. This action was brought to set aside a voluntary assignment made by George Webb to Minor, on the ground of fraud. A principal ground of fraud was a provision for the payment to the wife of the assignor of a demand alleged to be fictitious. Evidence was given upon the trial for the purpose of proving that the husband received the property of the wife and a part of her separate estate. Afterwards the assignee proceeded to sell the assigned property, the wife consenting to join in the sale and conveyance, so as to release her dower and make a perfect title. Notice of this was given to the plaintiff, and that the wife would unite in the sale if the assignee was not interfered with in

executing the trusts of the assignment; to which the president replied that he was in favor of selling the assigned property during the next month.   The judge, upon the trial, found that the deed of assignment was made by Webb with the fraudulent intent of hindering and delaying his creditors. That the notice was given to the plaintiff of the willingness of Mrs. Webb to join in the sale, to which the plaintiff, by its president, sent the answer referred to, and also consented to a stay of proceedings, and, on receipt of its share of the proceeds of the sale, to discontinue this action; but such consent was not given by authority of the board.   That proceedings were taken by other creditors to set aside the assignment, and that the proceeds of the sale were then deposited in the trust company.   That Mrs. Webb united in such sale, about June, 1855, by executing the deed, but that she had not, in May, 1855, determined to release her dower if her claim under said assignment was to be made a subject of litigation; and that the release of dower was delivered under a condition by which she was to be protected.   The judge, at special term, dismissed the complaint.   The plaintiff excepted to the decision of the court.

For the purpose of this appeal, we must consider the facts as found by the judge to be sustained by the evidence, viz. that the assignment was made to delay and hinder creditors, and therefore void; that Mrs. Webb delivered the release of dower upon condition that if the assignment was held valid she should receive the amount provided for her under the assignment, and if invalid, that she should have her dower out of the proceeds; and that the plaintiff assented to these terms, although there is no direct finding of this character.

The defendants claim that these acts of the president of the bank were a ratification of the assignment, and that the plaintiff is estopped from now claiming that the assignment is void.   There can be no doubt but that, independent of this question, and with the finding of the judge as to the

character of the assignment, the court should have declared the assignment void. We cannot look into the evidence, on this appeal, to see if the judge might not have erred in such finding. Even if that question could properly come before us, the evidence is such as to make his finding conclusive. Nor does the relation which the wife bears to this transaction prevent the plaintiff from objecting to the validity of the assignment. It is true that she gave a release of her interest in the property, but when she delivered it she provided for her protection by stipulating either for the payment to her of the amount secured to her in the assignment, or if that should be found to be invalid, then that she should be entitled to her dower. Conceding that the plaintiff agreed to all these terms, and to the sale, there was nothing, as between the bank and Mrs. Webb, which prevented it from insisting on the illegality of the assignment. The president of the bank and Mrs. Webb both contemplated that as one of the possibilities, in the settlement of the estate. They both provided for what should be done if the assignment was held to be void. If the plaintiff can be held responsible for these acts of its president, it could only be to compel it to assent, in such an event, to her being paid the value of her dower interest in the assigned property, out of the proceeds of the sale. Nor is the question of the wife's right to be paid out of the assigned property, any thing due her for her separate estate, held by the husband, involved in this action. It may be that she has a claim against the assignee, or against the fund, in whosever hands it may go, to have her separate estate repaid to her; but such claim cannot make an assignment, otherwise invalid for fraud, operative in favor of the other preferred creditors therein.

The cases referred to by the judge at special term were principally cases in which the right of the purchaser to protection under the sale was mainly in issue. If that question was involved here, the conclusion might be different as to the effect of the acts of these parties. But in this case no such

question arises. The sale may be held valid, while the parties may claim that the proceeds of the sale shall not be distributed according to the provisions of a deed which is held to be fraudulent. My conclusions are, that there is nothing in the acts of the parties which prevents the plaintiff from attacking the good faith of this assignment; and that all the parties in the arrangements for the sale of the property contemplated that the assignment might be declared void, and provided, in such a case, for the protection of Mrs. Webb, either by payment to her of her separate estate, which had been received by her husband, or by securing to her the value of her dower and the real estate which she had released.

I am therefore of the opinion that the complaint should not have been dismissed.

Judgment reversed and a new trial ordered; costs to abide the event.

LEONARD, J. concurred.

CLERKE, J. dissented.

[NEW YORK GENERAL TERM, February 3, 1862. *Ingraham, Leonard* and *Clerke,* Justices.]